UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY REICHEL,<br><br>                        Plaintiff,<br>v.<br><br>SPECIALIZED LOAN SERVICING aka SLS; BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP and DOES 1 through 10, INCLUSIVE,,<br><br>                        Defendants. | Case No.: 19cv355-GPC(RBB)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND GRANTING DEFENDANT SPECIALIZED LOAN SERVICING'S MOTION TO DISMISS**<br><br>**[Dkt. Nos. 12, 15.]** |

      Before the Court is Defendant Specialized Loan Servicing's motion to dismiss and Plaintiff's motion to remand to state court. (Dkt. Nos. 12, 15.) Both parties filed their oppositions. (Dkt. Nos. 17, 18.) Defendant filed a reply to Plaintiff's motion to remand. (Dkt. No. 19.) The Court finds that the matter is appropriate for decision without oral argument pursuant to Local Civ. R. 7.1(d)(1). Based on the reasoning below, the Court DENIES Plaintiff's motion to remand and GRANTS Defendant's motion to dismiss.

1

**Factual Background**

On February 21, 2019, the case was removed from state court.[1] (Dkt. No. 1.) Plaintiff Nancy Reichel ("Plaintiff" or "Reichel") resides at 1680 Fisherman Drive, Carlsbad, CA 92011 and is the original obligor on the Note and Deed of Trust that encumbers the subject Property. (Dkt. No. 1-1, Compl. ¶¶ 2, 3.) Defendant Specialized Loan Servicing ("SLS" or "Defendant") is the servicer of the Note and Deed of Trust. (Id. ¶ 4.) Defendant Barrett Daffin Frappier Treder & Weiss, LLP ("BDFTW") is named as a necessary party for imposition of the injunctive relief. (Id. ¶ 5.)

A prior case had been filed in the San Diego Superior Court, Case No. 37-2017-003700-CU-OR-CTL[2] and removed to this court in 18cv1965-BTM(WVG). (Id. ¶ 12.) The case was dismissed because SLS agreed to a short sale of the property. (Id.)

According to the complaint, Plaintiff and SLS entered into a modification agreement of the Note and Deed of Trust. (Id. ¶ 13.) SLS offered Plaintiff a modification dated May 26, 2017 which required that Plaintiff make three payments of $6,472.36 on July 1, 2017, August 1, 2017 and September 1, 2017. (Id. ¶ 14.) Plaintiff accepted the offer and made the first payment. (Id. ¶ 15.) On the second payment due August 1, 2017, she paid $6,900.00 which was more than the amount requested in order

---

[1] In the underlying state court case, on January 7, 2019, Plaintiff filed a complaint. (Dkt. No. 1-1, Compl. at 9.) On January 31, 2019, the state court granted Plaintiff's ex parte application for TRO with a hearing on preliminary injunction set for February 8, 2019. (Dkt. No. 1-2 at 40.) On February 14, 2019, the state court issued an order continuing the TRO and continued the hearing on preliminary injunction to February 22, 2019. (Dkt. No. 1-2 at 53.) Defendants had not yet made an appearance. (Id. at 54.) One day prior to the hearing, Defendant SLS removed the case to this Court. (Dkt. No. 1.)

[2] In the prior case, Plaintiff filed a complaint on October 4, 2017, and a first amended complaint on July 26, 2018. (18cv1965-BTM(BLM), Dkt. No. 1 at 35-36.) A TRO application was filed with a hearing date of October 12, 2017 but the record does not indicate the ruling of the state court. (Id. at 57.)

to reduce the balance owed.  (Id. ¶ 16.)  However, on September 13, 2017,[3] SLS returned the check to Plaintiff with a letter noting they were unable to "accept funds for less than total amount due."  (Id. ¶ 17.)  Plaintiff contacted SLS about the returned check and was informed that the property was set to be sold by Defendant BDFTW on October 13, 2017.  (Id. ¶ 18.)  SLS refused to discuss the matter any further.  (Id. ¶ 19.)

Based on these allegations, Plaintiff alleges causes of action for breach of contract, violations of the Real Estate Settlement Procedures Act ("RESPA"), the Fair Debt Collection Practices Act ("FDCPA"), the Fair Credit Reporting Act ("FCRA"), and seeks relief in the form of a declaratory judgment and an injunction.  (Id. ¶¶ 20-72.)

## Discussion

**A.  Motion to Remand**

Plaintiff argues that the case should be remanded back to state court because "there are no federal questions before the Court", (Dkt. No. 15 at 7), co-Defendant BDFTW has failed to consent to the notice of removal, and the Court should abstain from jurisdiction on important state law issues concerning foreclosures.  Defendant responds that the complaint alleges causes of action under several federal statutes, the notice of removal states that BDFTW consented to the removal and Plaintiff's argument concerning abstention is without merit.

28 U.S.C. § 1331 provides that the district courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  18 U.S.C. § 1331.  Any action in state court where the district courts have original jurisdiction may be removed to the district court.  28 U.S.C. § 1441(a).  The district court

---

[3] It is not alleged whether Plaintiff made the third payment on September 1, 2017.

also has supplemental jurisdiction over state law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367.

On February 21, 2019, Defendant filed a notice of removal asserting the Court's jurisdiction based on federal question arising from claims under the FCRA, FDCPA and RESPA, and therefore, removable under 28 U.S.C. § 1331. (Dkt. No. 1.) It did not assert jurisdiction based on diversity of citizenship.

Contrary to Plaintiff's assertion that there are no federal causes of action, the complaint primarily alleges causes of action under federal law. It alleges claims under RESPA, FDCPA, FCRA, and declaratory judgment under the U.S. Constitution, (Dkt. No. 1-1, Compl. ¶¶ 25-65). Therefore, the Court has subject matter jurisdiction over this case.

Next, the Ninth Circuit has held that the "filing of a notice of removal can be effective without individual consent documents on behalf of each defendant. One defendant's timely removal notice containing an averment of the other defendants' consent and signed by an attorney of record is sufficient." Proctor v. Vishay Intertechnology, Inc., 584 F.3d 1208, 1225 (9th Cir. 2009). The Court is bound by Ninth Circuit law and Plaintiff' reliance on a district court case from the Eastern District of Virginia is inapposite. Here, the notice of removal states that BDFTW has consented to the removal, (Dkt. No. 1, Not. of Removal ¶ 16); therefore, the Court concludes that BDFTW has consented to the removal.

Finally, Plaintiff argues that the Court should abstain from adjudicating this case because foreclosures in California have substantial public importance and such issues should be decided by the state courts. However, as Defendant notes, the complaint

alleges federal causes of action under FDCPA, RESPA, FCRA and seeks declaratory judgment that Defendant violated Article VI, Clause 2 of the U.S. Constitution. Plaintiff alleges one claim of breach of contract under California state law. Therefore, because her claims rely substantially on federal law, Plaintiff's argument that her case involves important state public policy issues is without merit. Accordingly, the Court DENIES Plaintiff's motion to remand.

**B. Motion to Dismiss**

Defendant filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff filed an opposition but does not oppose the arguments raised by Defendant on any of the causes of action. Instead, Plaintiff presents arguments concerning Defendant's alleged wrongful foreclosure challenging assignment of the note and deed of trust based on state law. (Dkt. No. 17, at 3-7.) However, the complaint is void of any facts or legal theories concerning wrongful foreclosure.

By failing to address the arguments raised by Defendant, Plaintiff has "effectively abandoned" her claims and dismissal is appropriate. See Walsh v. Nev. Dep't of Human Resources, 471 F.3d 1033, 1037 (9th Cir. 2006) (where opposition to motion to dismiss failed to address arguments in motion to dismiss, it was "effectively abandoned" and could not be raised on appeal); Toranto v. Jaffurs, 297 F. Supp. 3d 1073, 1104 (S.D. Cal. 2018) (granting motion to dismiss on a claim as the plaintiff abandoned the claim because he failed to address the issue in his opposition); In re TFT–LCD (Flat Pan el) Antitrust Litig., 586 F. Supp. 2d 1109, 1131 (N.D. Cal. 2008) (dismissing a claim without leave to amend where the plaintiff did not address the defendant's arguments); Silva v. U.S. Bancorp, No. 5:10cv1854, 2011 WL 7096576, at *3 (C.D. Cal. Oct. 6, 2011) ("[T]he Court finds that Plaintiff concedes his . . . claim should be dismissed by failing to address

5

Defendants' arguments in his Opposition."); Qureshi v. Countrywide Home Loans, Inc., No. 09–4198, 2010 WL 841669, at *9 & n. 2 (N.D. Cal. Mar. 10, 2010) (citing Jenkins v. Cnty. of Riverside, 398 F.3d 1093, 1095 n. 4 (9th Cir. 2005) (dismissing claims as abandoned where the plaintiff did not oppose dismissal)). Here, Plaintiff has failed to address any of the arguments raised by Defendant. In fact, in her opposition, she states that she seeks leave to file an amended complaint to eliminate all federal causes of action. (Dkt. No. 17 at 2.) Accordingly, the Court GRANTS Defendant's motion to dismiss on all claims in the complaint as "effectively abandoned." See Walsh, 471 F.3d at 1037.

## Conclusion

Based on the above, the Court DENIES Plaintiff's motion to remand and GRANTS Defendant SLS's[4] motion to dismiss the complaint.[5] The hearing set for April 19, 2019 shall be **vacated**.

Due to the Court's order dismissing the complaint, the Court also DENIES Plaintiff's ex parte application for temporary restraining order ("TRO") enjoining Defendants from the sale of the Property as moot, (Dkt. No. 3), and vacates the hearing on preliminary injunction set for May 10, 2019.

IT IS SO ORDERED.

Dated: April 17, 2019

Hon. Gonzalo P. Curiel
United States District Judge

---

[4] Defendant BDFTW did not move to dismiss and remains a defendant in this action.
[5] It is not clear how Plaintiff wishes to proceed with her claims concerning wrongful foreclosure. In her opposition, Plaintiff states she seeks leave of Court to file an amended complaint to assert only state law causes of action; however, she may not file an amended complaint raising only state law claims in district court unless she is seeking the court's diversity jurisdiction.

6

19cv355-GPC(RBB)

7

19cv355-GPC(RBB)